UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NYITECKA EVANS-PONIO FOR
T.J.,[1]

    Plaintiff,

vs.                                  Case No. 8:08-cv-1363-T-24HTS[2]

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.
_____

**REPORT AND RECOMMENDATION**[3]

**I. Status**

    Nyitecka Evans-Ponio, acting on behalf of T.J., a minor child, is appealing the Social Security Administration's denial of her

---

    [1] The Court has substituted the minor's initials for the child's full name. *Cf.* Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section II(I)(1)(b) ("Unless the court orders otherwise, an electronic filing made with the court that includes . . . a name of a person known to be a minor . . . may include only . . . [t]he minor's initials[.]"); Rule 1.01(a), Local Rules, United States District Court, Middle District of Florida.

    [2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Report and Recommendation is available electronically. It is not otherwise intended for publication or to serve as precedent.

    [3] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

daughter's claim for Supplemental Security Income. Plaintiff[4] based the claim of disability on "[h]yperactivity and inability to learn[.]" *See* Transcript of Administrative Proceedings (Tr.) at 159.

Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) Michael S. Maram, in a Decision entered on February 14, 2008. *Id.* at 15, 27. The available administrative remedies have been exhausted and the case is properly before the Court.

## II. Determining Child Disability

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Act), Pub. L. No. 104-193, §§ 211-212, 110 Stat. 2105 (codified as amended at 42 U.S.C. § 1382c), "tighten[ed] . . . the definition of 'disabled' with respect to children under 18[.]" *Wilson v. Apfel*, 179 F.3d 1276, 1277 (11th Cir. 1999) (per curiam); *see also Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 n.4 (D.D.C. 2009). Under the Act,

> [a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Act at § 211(a)(4)(C)(i); *see also* 42 U.S.C. § 1382c(a)(3)(C)(i).

---

[4] For the purposes of this Report and Recommendation, the designations Plaintiff and Claimant will refer to the minor child.

The regulations set out a three-step analysis for determining child disability claims. A child is considered disabled if he or she 1) is not engaged in substantial gainful activity; 2) has a medically determinable impairment that is severe; and 3) the impairment meets, medically equals, or functionally equals an impairment Listing found in 20 C.F.R., Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* at § 416.926a(a). Six domains are to be considered: acquiring and using information, attending to and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. *Id.* at § 416.926a(b)(1).

### III. Legal Standard

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Abioro v. Astrue,* 296 F. App'x 866, 867 (11th Cir. 2008) (per curiam); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th

Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### IV. Discussion

**A. Duty to Develop**

"What occurred in this case[,]" explains Claimant, "is that . . . the ALJ at the end of the hearing . . . determined that he would try to obtain evidence . . . from her most recent school." Memorandum of Law (Doc. #10; Memorandum) at 2. "However, . . . no letter was sent to the current school nor [was] any attempt . . . made to obtain such information." *Id.*

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). In evaluating whether the ALJ fulfilled his obligation, the Court recognizes that "it is

always possible to do more." *Johnson v. Chater*, 969 F. Supp. 493, 508 (N.D. Ill. 1997) (internal quotation marks omitted). Thus, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (internal quotation marks omitted).

The school at issue is "the Yvonne C. Reed Christian School[,]" which Plaintiff attended "for the time period beginning August of 2007 to the date of the hearing of November, 2007[.]" Memorandum at 3. At that time, she was in the third grade. *See id.* The particular evidence that allegedly should have been obtained is not explicitly described in the Memorandum. Rather, Claimant's attorney explains he "has attached evidence reflecting the severity of [her] condition in third grade shortly after the hearing decision as well as information from the third grade teacher[.]" *Id.* Presumably, these documents represent what counsel believes the judge should have obtained prior to rendering the Decision. *Cf. also* Affidavit, attached to the Memorandum, at ¶ 2 (affidavit from Claimant's mother stating she "had given the ALJ's office in this case the telephone number and address to contact the Yvonne C. Reed Christian School" and subsequently spoke to "Ms. Clayton and Ms. Sommerville" as to whether "information was ever sought []or received"); untitled letter from Yvonne C. Clayton (Clayton Letter), attached to the Memorandum; untitled letter from

Andree Sunnerville (Sunnerville Letter), attached to the Memorandum. Whether this case must be reversed and remanded under Sentence Four for consideration of the evidence thus depends upon the materiality thereof. *See, e.g., Duncan v. Apfel*, No. 98-5002, 156 F.3d 1243 (Table), 1998 WL 544353, at *2 (10th Cir. Aug. 26, 1998) ("The ALJ appears to have made no attempt to obtain the [evidence], even though [it] is obviously material to plaintiff's claim."); *Kloster v. Astrue*, No. 07-4126-JAR, 2008 WL 4330015, at *4 (D. Kan. Sept. 15, 2008) (Since the unrequested "records appear to be material to the issue of whether plaintiff's seizures are in fact disabling[,] the court finds that the ALJ failed his duty to develop the record in this regard."); *Frezza v. Barnhart*, No. 01-CV-4153JG, 2002 WL 31102625, at *5 (E.D.N.Y. Sept. 18, 2002) (referring to the "duty to develop the record in all material respects").

According to Plaintiff, the information "from Ms. Sunnerville directly relates to the analysis of the ALJ as to two . . . domains and also affects the evidence which the ALJ says he considered." Memorandum at 7. The two domains are "attending and completing tasks[,]" *id.*, and "interacting and relating with others." *Id.* at 8.

In regard to attending and completing tasks, the judge found "[t]he claimant has less than marked limitation in" this domain. Tr. at 23 (emphasis omitted). He stated that,

> [p]rior to medications, the child had significant problems controlling her hyperactivity disorder. But once placed on medications, her teacher reported no problems with attending and completing tasks. Additionally, her relative, Ms. Evans[,] reported that the child had become more helpful and excelled in school. Nevertheless, the child's teacher did note that if the child was not on her medication she could be hyperactive.

*Id.*

Similarly, the ALJ also determined Plaintiff "has less than marked limitation" concerning the domain of "interacting and relating with others." *Id.* at 24 (emphasis omitted). He explained,

> [a]lthough[] the child never alleged a communication problem, she did have problems being aggressive with her peers, as well as disrespectful to adults. However, the evidence of record documented that the child's ability to interact [with] others significantly improved with medication. Specifically, her relative reported that the child had excelled in church and her grandmother reported that without medications she becomes . . . very aggressive. Further, the child's teachers reported that the child at time[s] has problems following rules and obeying authority but with medication she has improved significantly.

*Id.*

To summarize, the portrait painted by the judge is of a little girl who does reasonably well so long as she is on medication. Unless off the medicine, she was believed to have no problems attending and completing tasks. *See id.* at 23. Likewise, her

- 7 -

problems with excessive aggression are described as a thing of the past, though she might still on occasion have difficulty "following rules and obeying authority[.]"  *Id.* at 24.

The new evidence speaks to Plaintiff's performance in the third grade, and so appears to relate to the 2007-2008 school year.  (The Sunnerville Letter refers to "third grade classroom behavior for the year of 2008," but seems likely to be shorthand for the entire academic year.)  The information thus pertains at least in part to the period under consideration by the ALJ, whose Decision was rendered on February 14, 2008.[5]

These letters stand in significant contrast to the judge's findings.  According to the Clayton Letter, serious problems with aggression are ongoing.  Ms. Clayton reports, among other things, that the child "has a tendency to be physically cruel to classmates[,] is easily angered[, and] get[s] into fights easily."  Moreover, the "triggers" of her outbursts and confrontations have not been determined.

The Sunnerville Letter corroborates this information, and adds a further degree of detail.  On one particular occasion, Ms. Sunnerville states, Plaintiff was left "with a group of students to tutor after school [and] when [she] returned to the classroom

---

[5] Plaintiff notes she has been "picked up" on a subsequent claim for benefits, Memorandum at 3, and "has been found disabled[.]"  *Id.* at 9.

[Plaintiff] had physically destroyed the room[.]" Claimant's behavior was characterized as "unpredictable[,]" resulting in "fight[s with] other students" and even her teacher. She could become upset over the smallest matter and end up making "inappropriate[,] mean[,] and often degrading" comments towards her classmates, or "becoming boisterous and sometimes physical[.]" She "often had to be reminded" of the potential consequences of uncontrolled anger. Still, "[w]hen she became upset this would affect how she applied herself throughout the classroom generally for the rest of the day or week." As a result, the child's mother had to be contacted "[n]umerous times[, and o]ther times she would be dismissed from school for the rest of the day."

Clearly, there is no need for speculation as to whether the judge could have obtained useful information from Claimant's current school. The ALJ himself seems to have acknowledged the importance of the evidence by declaring his intention to develop it. *See* Tr. at 425; *cf. Cespedes v. Barnhart*, No. 00 CIV. 8276(GEL), 2002 WL 1359728, at *5 (S.D.N.Y. June 21, 2002) ("Given[, in part,] the fact that the ALJ herself attempted, but failed, to obtain [certain] school records[,] it cannot be said that the ALJ met her duty to diligently develop the record."). The evidence submitted bears directly upon, and is in tension with, the judge's findings in regard to both domains at issue. While the

Court should not determine in the first instance precisely what interpretation the information is to be given or what weight afforded, this matter should be remanded under sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), for consideration by the ALJ of the evidence that should have been developed, and which is to be incorporated into the record. In view of this, there is no need to analyze the necessity of a remand pursuant to sentence six of 42 U.S.C. § 405(g).[6]

**B. Failure to Address Testimony**

Claimant asserts "the testimony of the worker from the Pinellas County School District who had been with [her] in the first grade, that is[,] Anita Griffin[,] is not even analyzed and addressed in this case." Memorandum at 9; *see also id.* at 3.

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001); *see also Givens v. Astrue*, 251 F. App'x 561, 567 (10th Cir. Oct. 18, 2007). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v.*

---

[6] Nevertheless, it is concluded the new evidence is material and that, despite one of the letters having been written shortly before the Appeals Council's decision, there was "'good cause for the failure to incorporate such evidence into the record in [the] prior proceeding[.]'" *Pilnick v. Comm'r of Soc. Sec. Admin.*, No. 07-11789, 2007 WL 3122168, at *2 (11th Cir. Oct. 26, 2007) (per curiam) (quoting 42 U.S.C. § 405(g)) (second alteration to reflect punctuation of statute). Hence, a remand under sentence six would be appropriate were the case not sent back pursuant to sentence four.

*Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal quotation marks omitted); *see also Mobarak v. Astrue*, No. 3:08-cv-497-J-MCR, 2009 WL 1537893, at *5 (M.D. Fla. June 2, 2009); *Medina v. Barnhart*, Civil No. 05-3107 (JEI), 2006 WL 1458205, at *5 (D.N.J. May 24, 2006).

Ms. Griffin testified she had worked with Plaintiff concerning "her behavior and [did] some intervention whenever [she] would be acting out[.]" Tr. at 416. This was done during the child's "first grade year." *Id.* at 417-18. Ms. Griffin relayed the requirement that, for a child to be referred to her, he or she must have "serious behavior issues[,]" and she believed the prerequisite was satisfied in Plaintiff's case. *Id.* at 419. Given the very low level of specificity of this testimony,[7] the Court does not perceive any real harm in a failure to discuss it. Still, on remand, the judge would be free to reassess its worth, and he should of course reevaluate the record to the extent impacted by the letters discussed *supra*. *Cf.*, *e.g.*, Memorandum at 10 (alluding to "quotations from members of the family [who] did not see

---

[7] Claimant also mentions the opinions of another "guidance counselor, Ms. Medvedev[.]" Memorandum at 10. The cited information from this individual is quite general as well, and no error should be ascribed in regard thereto. *See* Tr. at 117 (referring only to previous "trouble getting along in class with . . . peers" and stating when Plaintiff "left our school she was moderately successful . . . while on medication according to the parent"); *cf. id.* at 19 (ALJ's statement that the "counselor assessed that the child was moderately successful in the general education classroom while on medication" (internal quotation marks omitted)).

[Plaintiff] in third grade nor did they see the new evidence from Ms. Sunnerville and Ms. Clayton").

### C. Due Process

"It is the position of the Plaintiff that when a member of the Bar requests a copy of the file and the tape recording of the testimony . . . , the Appeals Council has a duty to submit such[.]" *Id.* at 10-11. "In this case," she contends, "the Appeals Council's conduct of not forwarding the information to counsel so that [he] could properly prepare her case resulted in the denial of due process[.]" *Id.* at 11. She also notes "the letter . . . requesting the disc and the file along with [her] Motion to Vacate are not even mentioned in the Appeal[s] Council's decision[,] nor are they even contained in the record." *Id.* Consequently, it is argued that on remand "this case should first properly be evaluated by" the Council "in that they have inadequately prepared an[d] considered this case[.]" *Id.*

Defendant admits "[t]he Appeals Council did not send the attorney a copy of the exhibits or the tape, and ideally, the Appeals Council should have provided" them. Memorandum in Support of the Commissioner's Decision (Doc. #11; Opposition) at 11. Yet, "the attorney now has a copy of the certified court transcript which contains all of the exhibits the ALJ considered[ and] a

transcription of the hearing proceedings[.]"  *Id.*  Because "the attorney presumably had sufficient information and time to prepare arguments[, a]ny potential defects in the prior administrative process can now be remedied by this Court as [it] addresses Plaintiff's new evidence and arguments."  *Id.* at 11-12.

The only authority cited by Claimant is *Hudson v. Heckler*, 755 F.2d 781 (11th Cir. 1985) (per curiam).  *See* Memorandum at 11.  She claims the instant problem "is similar to [the] failure to obtain medical reports in" that case.  *Id.* (citing *Hudson*, 755 F.2d at 784).  Yet that case was remanded, not for failure to obtain medical reports, but for the ALJ's "not consider[ing] whether the combination of appellant's impairments rendered her disabled" and "not mak[ing] clear the weight accorded the evidence considered." *Hudson*, 755 F.2d at 785 (and, at 784, rejecting as "without merit" the claimant's other contentions).

Nevertheless, it is observed the regulations authorize claimants to "request and receive copies or a statement of the documents or other written evidence upon which the hearing decision or dismissal was based and a copy or summary of the transcript of oral evidence."  20 C.F.R. § 416.1474; *see also Darnell v. Astrue*, Civil Action No. 07-1404, 2009 WL 424794, at *3 (W.D. La. Feb. 20, 2009).  However, "the claimant must still establish that she was

transcription of the hearing proceedings[.]"  *Id.*  Because "the attorney presumably had sufficient information and time to prepare arguments[, a]ny potential defects in the prior administrative process can now be remedied by this Court as [it] addresses Plaintiff's new evidence and arguments."  *Id.* at 11-12.

The only authority cited by Claimant is *Hudson v. Heckler*, 755 F.2d 781 (11th Cir. 1985) (per curiam).  *See* Memorandum at 11.  She claims the instant problem "is similar to [the] failure to obtain medical reports in" that case.  *Id.* (citing *Hudson*, 755 F.2d at 784).  Yet that case was remanded, not for failure to obtain medical reports, but for the ALJ's "not consider[ing] whether the combination of appellant's impairments rendered her disabled" and "not mak[ing] clear the weight accorded the evidence considered." *Hudson*, 755 F.2d at 785 (and, at 784, rejecting as "without merit" the claimant's other contentions).

Nevertheless, it is observed the regulations authorize claimants to "request and receive copies or a statement of the documents or other written evidence upon which the hearing decision or dismissal was based and a copy or summary of the transcript of oral evidence."  20 C.F.R. § 416.1474; *see also Darnell v. Astrue*, Civil Action No. 07-1404, 2009 WL 424794, at *3 (W.D. La. Feb. 20, 2009).  However, "the claimant must still establish that she was

prejudiced by the agency's failure to follow a particular rule[,]" even where it is argued "the Commissioner's errors implicated her constitutional rights[.]" *Darnell*, 2009 WL 424794, at *3; *see also Newberger v. Comm'r of Soc. Sec. Admin.*, 293 Fed App'x 710, 712-13 (11th Cir. 2008) (per curiam) ("[T]here must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded[.]" (internal quotation marks omitted)). As the Commissioner points out, "the attorney was aware that the file did not contain evidence from Claimant's new school even without having a copy of the file and transcript[.]" Opposition at 11; *cf.* Tr. at 5. "Moreover," as for any impediment to presenting argument to the Council, it has been said "the Appeals Council reviews ALJ decisions in their entirety, and likely 'does not depend much, if at all, on claimants to identify issues for review.'" *Darnell*, 2009 WL 424794, at *4. Finally, Plaintiff has ultimately had her day in court, and has potentially won a remand of this case back to the administration both for consideration of the additional evidence and further proceedings. Though prejudice has not been demonstrated in connection with due process of law, on receiving the case back the Appeals Council may well decide to engage in a form of remedial review.

## V.  Conclusion

In accordance with the foregoing, it is hereby **RECOMMENDED** that the Clerk of the Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) consider as evidence the letters appended to the Memorandum, which are to be incorporated into the record; 2) reevaluate the evidence in light of the letters; and 3) conduct any other proceedings deemed proper. If benefits are ultimately awarded, it is recommended Plaintiff's counsel be allowed thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ENTERED** at Jacksonville, Florida, this 2nd day of July, 2009.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Susan C. Bucklew
Senior United States District Judge

Counsel of record
    and pro se parties, if any